UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 1:21-mj-00396-GMH-1 |
| | : | |
| ERIC DOUGLAS CLARK | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS – SPEEDY TRIAL (ECF No. 51)

Defendant Eric Clark seeks (ECF No. 51) to dismiss the complaint on the grounds that "prosecution charged knowing full well they would not be capable of bringing Mr. Clark to trial in concordance with the speedy trial rules yet proceeded none the less and has also refused to provide any discovery either inculpatory or exculpatory violating Brady v, Maryland and many other precedence regarding discovery." ECF No. 51.  The defendant first asserted his right to a speedy trial when he filed the instant motion to dismiss.  All court hearing dates, and continuances, have been done with the consent of the defendant and with his request to toll time under the Speedy Trial Act.  The motion to dismiss should be denied.  The defendant's motion also gestures at discovery and *Brady* violation claims.  Those claims will be more fully addressed in the responses to the companion motions filed in the case.  Nevertheless, any *Brady v. Maryland* claim is a trial right, and this case has not been set for trial.  Additionally, substantial discovery has been made available to the defendant, through counsel.  The motion to dismiss should be denied.

1

**FACTUAL BACKGROUND**

The defendant is charged via complaint with four misdemeanor offenses: entering and remaining in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(l); disorderly and disruptive conduct in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(2); disorderly conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D); and parading, demonstrating, or picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G).

These charges stem from Clark's conduct at and in the U.S. Capitol on January 6, 2021, as a Joint Session of Congress convened to certify the 2020 U.S. Presidential Election. The Capitol Building and exterior grounds were closed to the public and surrounded by law enforcement officers, barricades, and signage. As the congressional session convened, Clark and others breached the barricaded perimeter and charged the Capitol Building. Video footage depicts Clark entering the Capitol Building through the Senate wing door at approximately 2:50 pm.



The defendant was wearing a Guy Fawkes mask, popularized in the movie V is for Vendetta.[1]

The defendant was arrested on a complaint on or about May 10, 2021.  *See United States v. Clark*, 1:21-mj-00396-ZMF-1, ECF No. 5.  The speedy trial time was excluded on joint oral motion of the government and the defendant from May 10, 2021 through July 9, 2021.  *See* Minute Order dated May 5, 2021.  Thereafter, the defendant, though counsel, waived his rights to a speedy trial until the filing of the instant motion.  *See* ECF Nos. 12, 16, 21, 25, 29, 32, 35, 37, and 40.  In fact, the government first learned that Mr. Clark wanted to represent himself shortly before the status conference scheduled for November 15, 2022.  At the status conference and *Faretta v. California*, 422 U.S. 806 (1975) hearing on November 17, 2022, the defendant himself consented to the continuance until January 5, 2023 so that he could consider the issues and matters raised by the Court at the hearing.  The Court also entered an order stating "Time between 11/17/2022 and 1/5/2023 (49 days) shall be excluded from calculation of time in the interest of justice (XT) under the Speedy Trial Act. Status Hearing set for 1/5/2023 at 2:00 PM by Telephonic/VTC before Magistrate Judge G. Michael Harvey."  *See* Minute Order dated November 17, 2022.

## ARGUMENT

The defendant's motion to dismiss should be denied.  The government has not denied the defendant a speedy trial, and the government has provided the defendant with substantial discovery.  The government notes as a preliminary matter that the defendant has not been detained.

---

[1] V for Vendetta is a 2005 dystopian political action film directed by James McTeigue.  The film ends with the main character successfully destroying Parliament, the seat of the British legislature.  *See* https://en.wikipedia.org/wiki/V_for_Vendetta_(film).  The movie, and the Guy Fawkes mask, got its inspiration from the Gunpowder Plot of 1605 and Guy Fawkes' attempt to blow up the British Parliament Building.  *See* https://en.wikipedia.org/wiki/Guy_Fawkes.  The government notes that the defendant uses a variation of the name Guy Fawkes as his e-mail address and he has prominently displayed a Guy Fawkes mask in the background in both of his recent video Court appearances.

The defendant has also consented to every continuance in this case, including the one from November 17, 2022 until January 5, 2023.

## I. The defendant has not been denied a speedy trial

All time was properly excluded under the Speedy Trial Act. *See* 18 U.S.C. § 3161. 18 U.S.C. § 3161(h)(7) provides that "Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial . . ." *See United States v. Morss*, No. 1:21-cr-00040-5 (TNM), 2022 U.S. Dist. LEXIS 102870, 2022 WL 2072625 (Jun. 9, 2022), fn. 4 (Morss disregards that "[o]n the present indictment, no time has elapsed on the Speedy Trial Clock"). *See also United States v. West*, 142 F.3d 1408, 1412 (11th Cir. 1998), *vacated on other grounds*, 526 U.S. 1155, 119 S. Ct. 2042, 144 L. Ed. 2d 211 (1999) (Defendant validly waived his speedy trial rights, where defendant and his lawyer executed waiver well within limits of Act), *United States v. Anglin*, 470 Fed. Appx. 511 (7th Cir. 2012) (Pursuant to 18 USCS § 3161(h)(7), time was properly excluded for purposes of Speedy Trial Act because, in every instance, defendant either affirmatively consented to exclusions of time, or he declined to object). In the present case, the Court has appropriately continued the case and has made the appropriate findings on the record. *See*, for example, ECF No. 37 ("The Court finds that the ends of justice served by the granting of such a continuance outweighs the best interests of the public and the defendant in a speedy trial, as a continuance will provide the parties additional time to review discovery, and additional time to negotiate a potential pretrial resolution of this matter"). Indeed, it is curious that the defendant claims a speedy trial violation, and simultaneously claims that he has not been able to review the discovery in this case,

and seeks "full access to all discovery databases in connection with the events of January 6th, 2021." ECF No. 48, pg. 1. The motion should be denied.

Courts evaluating constitutional speedy trial claims consider four factors: the "length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *United States v. Nordean*, No. 21-175 (TJK), 2022 U.S. Dist. LEXIS 111757, 2022 WL 2292062, *quoting Barker v. Wingo*, 407 U.S. 514, 530 (1972). Here, all factors weigh against any speedy trial claim, especially in light of this defendant's simultaneously asking the Court to postpone the next status conference until January 5, 2023 and his request to review discovery.[2]

## II.     The defendant's discovery claim

The government more fully responds to the defendant's discovery claim in its response to the Motion for Discovery. *See* ECF Nos. 48 and 52. Nevertheless, through the course of the past 18 months, the government has provided the defendant, through counsel, with case specific discovery as well as access to a tremendous amount of discovery related to the events on January 6, 2021. Most recently, the government provided the defendant, and standby counsel, with information concerning Global Production of Discovery #23. As of December 8, 2022, over 3.89 million files (over 7.06 terabytes of information) have been provided to the defense Relativity workspace. These files include (but are not limited to) the results of searches of 724 digital devices and 402 Stored Communications Act accounts; 2,841 FBI FD-302s and related attachments (FD-302s generally consist of memoranda of interviews and other investigative steps); 340 digital recordings of subject interviews; and 129,021 (redacted or anonymous) tips. Over 30,000 files

---

[2] The government has taken approximately two dozen cases involving more than thirty defendants stemming from the events of January 6, 2021 to trial verdict in the District of Columbia District Court. Dozens more cases are currently set for trial. To the extent the defendant wants a trial, the government and the court are prepared to offer him one.

consisting of body-worn and hand-held camera footage from five law enforcement agencies and surveillance-camera footage from three law enforcement agencies and the Hilton Garden Inn, have been shared to the defense evidence.com video repositories. For context, the files provided amount to over nine terabytes of information and would take at least 361 days to view continuously.

## CONCLUSION

For these reasons, Clark's motion to dismiss should be denied.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

BY: \_\_\_/s/_____
James D. Peterson
Special Assistant United States Attorney
VA Bar 35373
1331 F Street N.W., 6th Floor
Washington, D.C. 20530
(202) 353-0796
James.d.peterson@usdoj.gov